MATTER OF KOYAMA

In Visa Petition Proceedings

LOS-N-4466

*Decided by Regional Commissioner September 28, 1965*

Petition, by. the owner and operator of a 700-acre farm specializing in row crops, to accord beneficiary nonimmigrant classification under section 101 (a)(15)(H)(iii), Immigration and Nationality Act, as an industrial trainee in modern methods of agriculture applicable to the growing of varied vegetable crops, is denied since the proposed training program is unrealistic because excessive in length (24 months), repetitious, and would consist principally of actual on-the-job experience.

This case is before the regional commissioner on appeal from the district director's decision denying the petition on the following grounds:

You presently employ four Japanese industrial (agricultural) trainees; two having been in your employ since October 3, 1963, and two since February 27, 1964. These trainees were admitted to the United States as the beneficiaries of your petitions approved for a one year training program to enable them to return to Japan with modern United States farming methods. You have prolonged their stay in the United States to the present time, far exceeding the one year program approved. You have failed to establish that you have a bona fide training program to be concluded within a definite period of time, indicating the primary purpose is for the "trainees" to engage in productive labor, any training received being incidental thereto. In addition, the present program you have submitted is unrealistic in that it is excessive in length and repetitious.

The petitioner, doing business as Koyama Farms, is owner and operator of a well-established farm in the State of California. This farm consists of 700 acres under cultivation. The petitioner specializes in what are ordinarily referred to as "row crops" and his need for workers fluctuates with the various harvests. When interviewed in August 1965, the petitioner was employing 35 workers including the four trainees referred to in the district director's order. Eighty-three other workers were employed on the farm but they were actually employees of a contractor who performed the service of lettuce cutting and thinning.

The beneficiary is 21-year-old native and citizen of Japan presently residing in Japan.

The petitioner proposes to train the beneficiary in modern methods of growing, harvesting, and marketing of varied vegetable crops. This training is to be accomplished by actual observation and participation in the day to day activities of the farm. An outline of a training program covering a period of 24 months has been submitted. This program covers all the various tasks involved in the operation of a large "truck" farm and is divided into various periods of time covering each phase. In addition to the "learning by doing" phases of the program, an additional period of one month is assigned for visits to local schools, Farm Bureau meetings, and the Soil Conservation Office. The petitioner has trained foreign agricultural workers in the past and presently has four such trainees.

When interviewed by a representative of this Service in August 1965, the petitioner stated the beneficiary will be employed 8, 10, or 12 hours a day, six or seven days a week depending upon the need for workers, and that the training will be by actual experience gained by working in the fields in the same manner as other workers on the farm. He will be paid $1.40 per hour with no extra compensation for overtime. The petitioner stated no field trips are planned for the beneficiary but that he hopes the beneficiary will be able to make some field trips on week ends. He proposes to have the beneficiary attend night school classes in English. The petitioner makes no distinction between the trainees and other employees except that the trainees are supervised by himself or other Japanese speaking supervisory persons.

In his brief on appeal, the petitioner contends the district director violated 8 CFR 103.2(b)(2) in that he considered derogatory evidence of which he was not aware. Petitioner was certainly aware of his past actions concerning the foreign agricultural trainees in his employ and could not reasonably believe that the district director would ignore these actions in considering the instant petition.

The training program in question extends over a period of two years. The majority of the crops involved mature over a relatively short period. In fact the training program contains the statement that the 700 acres is actually farmed approximately three times yearly. In view of the foregoing, it is self-evident that many of the phases of training will be repetitious. While it is conceded that practical experience will increase a person's efficiency in any line of endeavor, the intent of the statute involved here is to train rather than to gain experience. The Service position concerning the length

of an agricultural training program is a matter of public record as set forth in *Matter of Saunders*, Int. Dec. No. 1366.

A careful review of the entire record reveals the district director's decision to deny the petition was correct. No evidence has been submitted that warrants disturbing that decision. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.